# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JELANI KHAMISI,<br>    Petitioner, | Case No. 1:18-cv-545 |
| vs. | Bertelsman, J.<br>Bowman, M.J. |
| WARDEN, CORRECTIONAL<br>RECEPTION CENTER,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

A petition for a writ of habeas corpus has been filed pursuant to 28 U.S.C. § 2254 by Kimberly Khamisi, purportedly on behalf of the named petitioner Jelani Khamisi. (*See* Doc. 1 at PageID 37).[1] The petition challenges petitioner's June 22, 2018 conviction and sentence in the Hamilton County, Ohio Court of Common Pleas case number B-1705754, raising the following four grounds for relief: (1) false indictment, wrongful arrest, conviction, and sentenced without probable cause, (2) denial of due process of law, not given notice of alleged crime due to the vague language in the indictment and fatal variance, (3) denial of an impartial jury and fair trial, indicted and convicted based on grand jury and trial jury tampering, and (4) the weight of the evidence at trial did not support the vague language in the indictment. (Doc. 1).

---

[1] On the same date the instant petition was filed, the Court received three other related habeas corpus petitions challenging the same case and raising the same grounds for relief. Kimberly Khamisi filed a habeas petition on her own behalf in Case No. 1:18-cv-550 and on behalf of Ayinde Khamisi in Case No. 1:18-cv-547. Kaia Khamisi also filed a habeas petition in Case No. 1:18-cv-548.

The undersigned notes that this is the fifth petition filed by petitioner challenging his conviction and sentence in case number B-1705754. *See Khamisi v. Hamilton Cnty.*, Case No. 1:17-cv-819 (S.D. Ohio Dec. 4, 2017) (Black, J.; Bowman, M.J.); *Khamisi v. Deters*, Case No. 1:17-cv-824 (S.D. Ohio Dec. 6, 2017) (Dlott, J.; Bowman, M.J.); *Khamisi v. Ohio*, Case No. 1:18-cv-110 (S.D. Ohio Feb. 15, 2018) (Barrett, J.; Bowman, M.J.); *Khamisi v. Sheriff*, Case No. 1:18-cv-269 (S.D. Ohio Apr. 16, 2018) (Dlott, J.; Litkovitz, M.J.). Petitioner's prior petitions have been dismissed (or recommended that the action be dismissed via a pending Report and Recommendation) without prejudice for lack of exhaustion or for failure to prosecute.

There are several deficiencies with the petition. First, the total filing fee due in this habeas corpus action is $5.00. However, petitioner has neither paid the $5.00 filing fee nor sought leave to proceed without prepayment of fees.

Second, the petition is not signed by petitioner. Fed. R. Civ. P. 11 requires that every pleading, written motion, and other paper shall be signed by the party if not represented by counsel. As noted above, the petition is signed by Kimberly Khamisi, petitioner's mother. However, it does not appear that Kimberly Khamisi is an attorney licensed to practice law in this Court. Kimberly Khamisi has likewise not been shown to have authority to act as a "next friend" of petitioner. *See Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003) (setting forth requirements for a putative "next friend"). Although the Court generally would enter a deficiency order to allow petitioner to correct these deficiencies, such an order is not warranted here because the petition is otherwise subject to dismissal.[2]

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6

---

[2] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254.

(1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c).

In this case, according to the petition, petitioner was sentenced on June 22, 2018 in the Hamilton County Court of Common Pleas, case number B-1705754. He filed a notice of appeal on July 20, 2018, which remains pending before the Ohio Court of Appeals. (*See* Doc. 1 at PageID 23, 24). Because it is clear from the face of the petition that petitioner has yet to exhaust his grounds for relief—via the completion of direct appeal in the Ohio Court of Appeals and further review by the Ohio Supreme Court—the petition is subject to dismissal for lack of exhaustion.

Accordingly, it is recommended that the petition be **DISMISSED without prejudice**, subject to refiling upon exhaustion of petitioner's state court remedies.

**IT IS SO RECOMMENDED.**

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JELANI KHAMISI,<br>    Petitioner, | Case No. 1:18-cv-545 |
| vs. | Bertelsman, J.<br>Bowman, M.J. |
| WARDEN, CORRECTIONAL<br>RECEPTION CENTER,<br>    Respondent. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).